## Amanda Reynolds v. J. D. Blake and D. C. Murphy.

### Gen. No. 4213.

1. GOODS SOLD AND DELIVERED—*when defendant is liable for.*  When the plaintiff has made delivery of goods, etc., to the defendant, even without his authority, yet if the defendant after the receipt of such goods, etc., promises to pay therefor, he is liable.

2. INSTRUCTION—*approved form of.*  A form of instruction relating to liability for goods sold and delivered, is set forth in the opinion and approved.

3. INSTRUCTION—*when must not ignore plaintiff's theory.*  An instruction which in effect is a direction to the jury that if they find certain facts they must render a verdict for the defendant, must not ignore any theory upon which the plaintiff is entitled to recover.

Action of assumpsit.  Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding.  Heard in this court at the April term, 1903.  Affirmed.  Opinion filed October 23, 1903.

S. R. KENWORTHY, for appellant.

McENIRY & McENIRY, for appellees.

MR. JUSTICE VICKERS delivered the opinion of the court.

Appellees recovered a judgment against appellant for $201.23, for labor and materials furnished in and about the plumbing of appellant's building.  From this judgment appellant prosecutes an appeal, and assigns as error, among other things, that the verdict is contrary to the law and evidence, and that the court erred in refusing instructions numbers five and six offered by the defendant, and in the giving of instructions for the plaintiff.  The only instruction complained of in appellant's brief among those given for the plaintiff, is instruction number one; that instruction is as follows:

" The court instructs the jury that although there is no evidence that the defendant authorized the furnishing of the goods and labor for which the plaintiffs claim the sum of $148 in one item of their account, yet if you believe from the evidence that the defendant, subsequent to the furnishing of the goods and labor for which such charge is made, if you find from the evidence the plaintiffs did furnish the

same, and of that value, promised Blake & Murphy, or any agent of them, to pay the same, then she is liable therefor."

Appellant's brief says of this instruction that " it assumes two facts to have been proved on which there is absolutely no evidence; it assumes that the goods and labor furnished were of the value of $148, whereas there is absolutely no evidence of their value." This instruction does not assume anything, except that the jury are told by it that there is no evidence that the defendant authorized the furnishing of the goods and labor for which the plaintiffs claim the sum of $148. The appellant can not and does not complain of the instruction in this regard; the instruction tells the jury that if they believe from the evidence that the defendant, subsequent to the furnishing of the goods and labor for which such charge is made, if you find from the evidence, that the plaintiffs did furnish the same, and of that value, promised Blake & Murphy, or any agent of them, to pay for the same, then she is liable. This instruction states a correct proposition of law, and was applicable to the facts in this case, and does not assume any facts to the injury of the appellant. The giving of this instruction was not error.

The instructions numbered five and six were both properly refused, for the reason that they fail to recognize a liability of the defendant for plaintiffs' claim, based on the theory of the alleged subsequent promise. The plaintiffs' theory of the case was that the defendant below admitted the correctness of the bill, and promised to pay it after the work was done, thus creating a liability wholly independent of the question of whether there was a prior contract between the parties covering the work in question. These instructions were each erroneous in omitting to negative appellees' theory of a subsequent promise to pay for this work when the bill was presented to her by appellees' agent. There was no error in refusing them in the form in which they were offered.

Appellant urges that the judgment should be reversed because it is contrary to the law and evidence. This assignment of error requires us to pass upon the controverted

Reynolds v. Blake.

question of fact, whether the appellant promised the witness, Allen, to pay for this work at the time when the bill was presented. The evidence tends to show that the appellant employed appellees to make some repairs in the plumbing on her premises; that the particular items, which the appellant contracted to have put in, amounted to about $27. Subsequently, and before the work was completed, appellant was taken very seriously ill, and was removed to the hospital where she remained in a comatose condition for several weeks. The evidence also tends to show that the plumbing on the appellant's premises was out of repair, and that the plumbing inspector of the city of Rock Island had inspected the plumbing and found it defective and unsanitary, and had threatened to condemn it unless it was overhauled. Appellees proceeded to put in the items that had been ordered by the appellant, and also to give the plumbing a general overhauling, without any express orders as to the items not included in the order. Appellees do not claim, as we understand their testimony, that there was an express contract for all of the work and materials furnished by them, but it is contended that after the work was completed, and after the appellant had recovered from her illness, the appellees, through their Mr. Allen, presented a bill for the complete job, and that the appellant ratified and substantially promised to pay the same; this is denied by Mrs. Reynolds, and there was no other testimony as to what occurred at this interview. It became a question of fact for the jury to determine whether there was such a promise by Mrs. Reynolds; the jury have determined that question against the appellant. The witness Allen was not personally interested in the result of the suit, and the jury have given credit to him, rather than to the interested party, and with that finding this court is not inclined to interfere.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*